IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARON D. HOWARD-BEY, #159809 | ) | |
| a.k.a., Daron Duane Howard, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-482-WKW |
| | ) | |
| DAVID SCRUGGS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on complaint filed by Daron D. Howard-Bey ("Howard-Bey"), an indigent inmate incarcerated at the Covington County Jail on pending state criminal charges.[1]  In the instant complaint, Howard-Bey seeks relief from criminal charges pending against him before the state courts of Covington County, Alabama.  Specifically, Howard-Bey alleges that a search of his automobile on May 28, 2017, violated his constitutional rights and resulted in the seizure of evidence made the basis of his pending controlled substance charges.  Doc. No. 1 at 3.  He also complains that the trial court imposed an excessive amount of bail and has not yet held a

---

[1] The court takes judicial notice of the case action summaries for Howard-Bey's pending criminal cases as maintained on the Alabama Trial Court System, hosted at www.alacourt.com.  *See Keith v. DeKalb Cty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the State's] Online Judicial System.").  These documents reflect that upon his May 28, 2017 arrest Howard-Bey was charged with possession of a controlled substance in violation of Ala. Code § 13A-12-212, second degree possession of marijuana in violation of Ala. Code § 13A-12-214, possession of drug paraphernalia in violation of Ala. Code § 13A-12-260(c), and two counts of negotiating a worthless instrument in violation of Ala. Code § 13A-9-13.1

preliminary hearing on his cases.  *Id.*  Finally, Howard-Bey asserts that law enforcement officials did not inform him of his *Miranda* rights.  *Id.*  Howard-Bey requests that this court review the State's evidence, i.e., his video statements, and enjoin, adjudicate or dismiss his pending criminal cases.  *Id.* at 4.

Upon thorough review of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C.   § 1915(e)(2)(B)(i) and (ii).[2]

## II.  DISCUSSION

### A.  *Younger* Abstention

Howard-Bey complains he has been denied a preliminary hearing and challenges the constitutionality of the search of his automobile which resulted in the seizure of evidence relevant to the criminal charges currently pending against him before the state courts of Covington County.  Howard-Bey seeks declaratory and injunctive relief for these alleged violations of his constitutional rights.  Under the circumstances of this case, Howard-Bey is entitled to no relief on these claims.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin or interfere with a criminal prosecution against them in state court.  401 U.S. at 44-45.  "Attentive to

---

[2]The court granted Howard-Bey leave to proceed *in forma pauperis* on July 20, 2017 (Doc. No. 6).  A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008 (citing *Younger*, 401 U.S. at 37). *Younger* therefore directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43-45. "In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when a state judicial proceeding is pending, the proceedings implicate important state interests and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex Cty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

It is clear that each of the requisite elements for *Younger* abstention is present in this case. First, Howard-Bey is awaiting trial on the criminal charges before the state courts of Covington County, Alabama. Second, enforcement of the law is an important state interest. Finally, Howard-Bey may raise his claims in the pending state court proceedings by filing an appropriate motion for relief and, if unsuccessful on the motion and upon conviction, in his direct appeal before the state appellate courts. Although exceptions to *Younger* abstention are permitted where (1) irreparable injury as a result of the prosecution is both

3

"great and immediate"; (2) the state law flagrantly and patently violates the Constitution of the United States; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require issuance of the requested relief, *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*), none of these exceptions are implicated under the facts of this case.   Specifically, Howard-Bey has not alleged any facts which warrant application of the exceptions to *Younger* abstention as his claims challenging the constitutionality of the search conducted and concomitant seizure of evidence do not assert the type of bad faith or harassment that would justify the extraordinary relief he seeks from this Court — the summary dismissal of the state criminal charges pending against him. The mere fact that Howard-Bey must defend himself in state criminal proceedings fails to demonstrate irreparable harm.   *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term.").   Consequently, the Fourth Amendment claims are due to be dismissed as equity, comity, and federalism concerns require the court to abstain from considering such claims.  For these same reasons, Howard-Bey's claim regarding the lack of a preliminary hearing is likewise subject to summary dismissal.

## B.  Excessive Bail

Howard-Bey contends that the bail amounts set in his pending criminal cases are excessive and seeks declaratory and injunctive relief with respect to the applicable orders.

1.  <u>Non-Final Order</u>.  To the extent Howard-Bey seeks relief from relief from any order setting bail which is not yet final, he is due no relief from this court as there is an

adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). As is relevant here, Howard-Bey may request reconsideration of bail by the trial court and/or seek relief from the state appellate court via a habeas corpus petition. *Ex parte Stokes*, 990 So. 2d 852, 856 (Ala. 2008) (internal citations omitted) ("A petition for a writ of habeas corpus [filed with the Alabama Court of Criminal Appeals] is the proper vehicle by which to challenge the setting of allegedly excessive bail [or bond]. . . . However, such a petition must be filed within a reasonable time."). Since state law provides an adequate remedy for Howard-Bey to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case" relative to these orders. *Id.* at 1243.

2. Final Order. With respect to any of the orders setting bail which have become final under state law, this court lacks jurisdiction to render the requested relief in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Howard-Bey from proceeding before the court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[]

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S. Ct. at 1201. Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that summary dismissal of the request for declaratory and injunctive relief from orders setting bail in Howard-Bey's criminal cases is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. at 327.

## C. *Miranda*[3]

Howard-Bey asserts that law enforcement officials did not advise him of his *Miranda* rights. Doc. No. 1 at 3. This claim provides no basis for relief as "a claim for a *Miranda* violation is not cognizable under § 1983. *Jones v. Cannon*, 174 F.3d 127-1290-91 (11th Cir. 1999)." *Dollar v. Coweta Cty. Sheriff's Office*, 446 F. App'x 248, 251-252 (11th Cir. 2011); *Wright v. Dodd*, 438 F. App'x. 805, 807 (11th Cir. 2011) (same). Consequently, the claim alleging a *Miranda* violation is due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

---

[3]*Miranda v. Arizona*, 384 U.S. 436 (1966).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims seeking intervention by this court in his pending state criminal cases be DISMISSED without prejudice in accordance with the *Younger* abstention doctrine.

2.  The plaintiff's claims seeking declaratory and injunctive relief from the orders setting bail in his criminal cases be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court in this cause of action.

3.  The plaintiff's *Miranda* claim be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

4.  The plaintiff's motion for preliminary injunction (Doc. No. 2) be DENIED as he has failed to show a substantial likelihood of success on the merits.

5.  This case be dismissed prior to service of process.

It is further

ORDERED that on or before August 3, 2017, the plaintiff may file objections to the Recommendation and must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 20th day of July, 2017.


_____/s/____Wallace Capel, Jr._____
CHIEF UNITED STATES MAGISTRATE JUDGE